# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| SHIMISHA RAWLINGS, on behalf of herself and all similarly situated individuals, | ) ) ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| ALORICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff Shimisha Rawlings (hereinafter "Plaintiff"), on behalf of herself and all similarly situated individuals, by and through the undersigned counsel, and files this Complaint for Damages against Defendant Alorica, Inc. (hereinafter "Defendant"), respectfully showing the Court as follows:

## I. NATURE OF COMPLAINT

### 1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein; Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. <u>JURISDICTION AND VENUE</u>

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), 28 U.S.C. § 1331, and 28 U.S.C. §1343(a)(4).

4.

Defendant is a Georgia corporation residing in this district, and the unlawful employment practices described herein occurred at 2120 Barrett Park Drive Building B, Kennesaw, Georgia, 30144.

5.

Defendant transacts business and engaged in commerce in the State of Georgia.

6.

Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b), LR 3, Northern District of Georgia, and 29 U.S.C. § 1391(b) because Defendant resides in this district.

## III.  PARTIES

7.

Plaintiff is a resident of the State of Georgia.

8.

Plaintiff worked for the Defendant from October 26, 2010 through July 7, 2014.

9.

Plaintiff was hired as a Customer Service Representative, and was subsequently promoted to the position of Human Resources Coordinator in approximately February 2013.

10.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 *et seq.*, 29 U.S.C. § 203(e).

11.

Plaintiff performed non-exempt labor for the Defendant within the last three (3) years.

12.

Defendant employed the named Plaintiff during the relevant time period.

13.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

14.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

15.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV.  <u>FACTS</u>

17.

Plaintiff worked for the Defendant within the past three (3) years.

18.

As a Customer Service Representative, Plaintiff's job duties consisted of taking inbound calls from federal employees interested in enrolling in or modifying existing dental & vision plans offered by Defendant, as well as handling escalated calls.

19.

After Plaintiff was promoted to Human Resources Coordinator, she became responsible for recruiting, testing, screening, and processing applicants recommended for hiring; Plaintiff was also responsible for maintaining and updating Defendant's recruiting spreadsheets and hiring matrices.

20.

Plaintiff did not have the authority to hire any applicant on her own, and instead, could only recommend applicants that passed the screening process for hire.

21.

Defendant required Plaintiff to work a minimum of fifteen (15) hours off-the-clock each workweek.

22.

On rare occasions, Defendant permitted Plaintiff to "clock" a limited portion of her overtime hours, and compensated Plaintiff at the time-and-a-half rate on those occasions.

23.

However, even on the rare occasions when Defendant permitted Plaintiff to "clock" a portion of her overtime, Plaintiff still worked off-the-clock a minimum of ten (10) hours each week.

24.

On the occasions when Plaintiff needed to take a day off for personal or medical reasons, Plaintiff would come in on the weekend and work a minimum of ten (10) or more hours to make up the time that she was absent so she would not be fired.

25.

Plaintiff was given an hourly wage for the duration of her employment.

26.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## V.  <u>COLLECTIVE ACTION ALLEGATIONS</u>

27.

Plaintiff brings Count I of this Complaint on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

28.

Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant nationwide as "HR Coordinators" during the last three (3) years, and whose primary job duty includes recruiting, testing, screening, and processing new applicants for hire and updating Defendant's recruiting spreadsheets and hiring matrices (hereinafter the "Collective Class").

29.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek without receiving overtime

compensation for all overtime hours worked over forty (40) hours while performing the duties of an HR Coordinator.

30.

Defendant was aware that Plaintiff and the Collective Class were working overtime hours.

31.

During the applicable statutory period, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

32.

During the last three years, the primary duty of HR Coordinators was the performance of non-exempt work, specifically entry level testing and screening of applicants for Defendant.

33.

During the last three (3) years, Defendant closely supervised and controlled the work of Plaintiff and the Collective Class.

34.

During the last three (3) years, HR Coordinators, including Plaintiff, were paid an hourly rate without an overtime premium for hours worked in excess of forty (40) hours in given work weeks.

35.

During the last three years, HR Coordinators, including Plaintiff, did not exercise discretion and independent judgment with respect to matters of significance in the performance of their job duties.

36.

HR Coordinators are entitled to overtime pay for the hours they worked over forty (40) in given workweeks.

37.

Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, *et seq.* including but not limited to 29 U.S.C. § 207.

38.

As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## COUNT I

## VI.  VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

39.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

40.

Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq*. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of (40) hours in given workweeks.

41.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per week without overtime compensation.

42.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

43.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

44.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make,

keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

45.

Plaintiff and the Collective Class were subject to the same unlawful policy of Defendant, i.e., Defendant's misclassification of HR Coordinators as "exempt" from the overtime requirements of the FLSA.

46.

Defendant's violations of the FLSA were willful and in bad faith.

47.

Pursuant to FLSA 29 U.S.C. §216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**VII.  <u>Prayer for Relief</u>**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated

damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E)   Grant leave to add additional state and federal law claims if necessary; and,

(F)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 13th day of August, 2014.

**BARRETT & FARAHANY, LLP**

s/ Elizabeth L. Brown
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135
Elizabeth L. Brown
Georgia Bar No. 940372

*Attorneys for Shimisha Rawlings*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com
amanda@bf-llp.com
lbrown@bf-llp.com