## RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is made and entered into by and between **Shimisha C. Rawlings**, an individual, on behalf of herself, her spouse, her agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("**Rawlings**"), and **Alorica Inc.** (the "**Company**").

## RECITALS

WHEREAS, **Rawlings** has made claims against the **Company** in a lawsuit entitled *Shimisha Rawlings v. Alorica Inc.*, Case No. 1:14-cv-02619-LMM (N.D. Ga.), subsequently referred to JAMS arbitration as Case No. 1440004543 (the "Lawsuit");

WHEREAS **Rawlings** brought in the Lawsuit certain claims under the Fair Labor Standards Act ("FLSA") (hereinafter referred to as the "FLSA Claims") and added certain claims in arbitration proceedings under the Family and Medical Leave Act ("FMLA") (hereinafter referred to as the "FMLA Claims");

WHEREAS, the **Company** denies all of **Rawlings'** claims and charges, but wishes to avoid the nuisance and cost of defending the Lawsuit and any employment-related claims by **Rawlings**;

WHEREAS, the **Company** and **Rawlings** (collectively the "Parties") hereby agree to settle the FLSA Claims and any and all other matters and proceedings that might arise by **Rawlings** against the **Company** as a result of any act that has occurred to date;

WHEREAS, the Parties previously entered into a Confidential Release and Settlement Agreement effective November 20, 2015, addressing the FMLA Claims and other claims ("Prior Agreement"), which Prior Agreement the Parties acknowledge and desire not to disturb by entering into this Agreement;

WHEREAS, **Rawlings** will promptly seek dismissal of the FLSA Claims with prejudice upon execution of this Agreement; and

NOW, THEREFORE, in consideration of the mutual covenants and promises each Party has made to the other as set forth in this Agreement, the **Company** and **Rawlings** agree as follows:

**1. Withdrawal and Dismissal of FLSA Claims.** Within three (3) business days of the mutual execution of this Agreement, **Rawlings** agrees to dismiss the Lawsuit with prejudice by filing a Stipulation of Dismissal with Prejudice pursuant to Fed. R. Civ. P. 41(a)(1) with the United States District Court for the Northern District of Georgia, Atlanta Division, and to submit this Agreement concurrently for Court approval. **Rawlings** has already submitted documentation to JAMS requesting dismissal of the FLSA Claims with prejudice, and such documentation has been received by counsel for the **Company.**

**2. Waiver and Release of FLSA Claims and Other Claims.** In exchange for the consideration described in Paragraph 8, **Rawlings** for herself and together with any and all representatives, spouse, heirs, executors, administrators, agents, successors, and assigns, and anybody or any entity claiming through or under her, hereby and forever irrevocably and

31984194.1

unconditionally waives, releases, and forever discharges the **Company** and its respective predecessors, successors, all former, current and future related companies, divisions, subsidiaries, and parents, and collectively, each of their former, current and future directors, officers, employees, agents, servants, representatives, attorneys, fiduciaries, insurers, assignees, heirs, executors, administrators, beneficiaries and trustees, shareholders and assigns, and all other persons, firms, associations, and corporations jointly or severally liable with it (collectively the "**Released Parties**"), from the FLSA Claims and from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages or relief, attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, with the exception of those claims excluded in Paragraph 5.

   **3.   General Waivers and Releases.** In exchange for the consideration described in Paragraph 8, **Rawlings** hereby fully and completely waives, releases, and forever discharges the **Released Parties** from the FLSA Claims and from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages or relief, attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that **Rawlings** may have against the **Released Parties** arising from any fact, condition, circumstance, or occurrence whatsoever occurring at any time up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, any claims arising out of **Rawlings'** employment with the **Company** or the separation of **Rawlings'** employment with the **Company** and all claims that the **Released Parties** violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations or constitutions, including, without limitation, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the Georgia or Federal Constitution, or any other federal, state, or local law or regulation relating to **Rawlings'** employment with the **Company** at any time up to the effective date of this Release.

   **4.   Release of Unknown Claims.** For the purpose of implementing a full and complete release, **Rawlings** expressly acknowledges that the release she gives in this Agreement is intended to include in its effect, without limitation, claims that she did not know or suspect to exist in her favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims.

   **5.   Rights and Claims Excluded from Waivers and Releases.** This Agreement does not waive any rights that cannot be waived by law, including **Rawlings'** right to file a charge of discrimination with an administrative agency (such as the U.S. Equal Employment Opportunity Commission ("EEOC")) and her right to participate in any agency investigation. **Rawlings** is waiving, however, any right to recover money in connection with such a charge or investigation. **Rawlings** also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency. The Parties hereby acknowledge that they have settled the FMLA Claims and all other claims through the Prior Agreement.

2

Rawlings Initials

31984194.1

**6.     Non-Admission of Liability.** Nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission by the **Company** of liability for any violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

**7.     Covenant Not to Sue. Rawlings** hereby affirms that upon the dismissal of the FLSA Claims in the Lawsuit, there are no outstanding administrative or judicial proceedings, actions, charges, complaints or claims to which she is a party against the **Released Parties**, and that there are no other outstanding charges, complaints, claims, actions, or proceedings against the **Released Parties** which involve or relate to **Rawlings**. **Rawlings** agrees not to sue or bring a charge or complaint against the **Released Parties** in any forum for any claim covered by the waivers and releases in Paragraphs 2-4, except that **Rawlings** may bring a claim to enforce this Agreement. **Rawlings** also agrees not to participate in any class or collective action against the **Released Parties**. If **Rawlings** violates this Agreement by suing the **Released Parties**, other than to enforce this Agreement, **Rawlings** shall be liable to the **Released Parties** for their reasonable attorneys' fees and other litigation costs incurred in defending against **Rawlings'** claims in such a lawsuit. Any breach of the terms of this Paragraph 7 shall be deemed a material breach of this Agreement.

**8.     Consideration.** In exchange for the promises made by and in consideration for all of the terms entered into by **Rawlings** in this Agreement and **Rawlings** having executed this Agreement, the **Company** agrees to pay to or on behalf of **Rawlings** the sum of **Five Thousand Eight Hundred Seventy-Five Dollars ($5,875.00)** (the "Settlement Payment") within fifteen (15) business days after the last of: (a) **Rawlings'** execution of this Agreement; (b) receipt by counsel for the **Company** of **Rawlings'** executed Agreement; and (d) receipt by counsel for the **Company** of confirmation that the FLSA Claims have been dismissed from the Lawsuit in the United States District Court for the Northern District of Georgia, the Lawsuit has been dismissed with prejudice, and the Parties' settlement has been approved (and all appeals exhausted or abandoned). **Rawlings** acknowledges and agrees that regardless of the manner or form of payment, the entire Settlement Payment is being made solely for **Rawlings'** benefit and in consideration of **Rawlings'** agreements and covenants herein. At **Rawlings'** request, the Settlement Payment shall be made by two checks:

- The first check will be made payable to **Rawlings** in the gross amount of **Three Thousand Thirty-Seven Dollars and Eighty-Four Cents ($3,037.84)** ("**Rawlings' Payment**"), less applicable deductions and withholdings. One half of this **Rawlings' Payment** will be reported on an IRS Form W-2, and will be subject to deduction for all applicable payroll taxes and other required wage deductions, and one half of this **Rawlings' Payment** will be reported on an IRS Form 1099-MISC.

- The second check will be made payable to **Rawlings'** attorneys, **Barrett & Farahany, LLP**, in the amount of **Two Thousand Eight Hundred Thirty-Seven Dollars and Sixteen Cents ($2,837.16)** for **Rawlings'** attorneys' fees and costs. **Rawlings'** attorneys agree not to seek or claim any further fees or costs as a result of their representation of **Rawlings** in regard to this Agreement and the claims released herein.

**Rawlings** and her attorneys will be required to provide timely and complete IRS W-9 forms as a condition of issuance of the Settlement Payment, and **Rawlings** will simultaneously provide an updated IRS W-4 form when she provides an IRS W-9 form. The **Company** makes no representations about the tax consequences of the payments set forth herein, but does represent that all payments made by the **Company** are subject to applicable tax withholdings. **Rawlings** acknowledges and agrees to indemnify, defend and hold the **Company** harmless from any claim or liability for any such taxes and related penalties and/or interest, in the event such taxes, penalties, and/or interest are assessed by the United States Internal Revenue Service or any other tax authority concerning the payment in this Paragraph 8.

The foregoing Settlement Payment shall constitute full satisfaction of the **Company's** payment obligations under this Agreement, and the failure of **Rawlings** to obtain all or any portion of such funds after payment by the **Company** in the aforementioned manner shall not be grounds for termination of this Agreement or for liability on the part of the **Company** or its attorneys. **Rawlings** represents and warrants that **Barrett & Farahany, LLP,** are the only attorneys who could have a claim for fees and costs with regard to **Rawlings'** claims or any other matters comprehended by this Agreement, and any and all claims that were asserted, or that could have been asserted, in connection with the same, and with regard to this Agreement. **Rawlings** acknowledges and agrees that she is solely responsible for satisfying from the Settlement Payment any and all claims of her attorneys for attorneys' fees, costs and expenses and further agrees that the payment of the Settlement Payment by the **Company** will forever discharge the **Company** from any claim or obligation for the payment of attorneys' fees or costs, including any and all attorneys' liens held by **Rawlings'** counsel, as to this Agreement and the claims released herein.

**Rawlings** acknowledges and agrees that the **Company** has no prior legal obligation to make the payment agreed to in this Agreement, and that the payment by the **Company** is being made solely for purposes of settlement between the Parties and in consideration for this Agreement. **Rawlings** further acknowledges and agrees that the payment agreed to is in full and final settlement of any and all claims she has asserted or could have asserted against the **Company** and any of its employees in the Lawsuit, including any and all costs and attorneys' fees incurred by her, with the exception of the FMLA Claims resolved through the Prior Agreement. Nothing contained in this Paragraph shall be construed to limit or in any way diminish the scope of the releases contained in Paragraphs 2-4 of this Agreement.

9. **Other Agreements and Representations by Rawlings. Rawlings** also agrees and acknowledges that:

(a) She is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. **Rawlings** has not been coerced, threatened, or intimidated into signing this Agreement;

(b) She has hereby been advised to consult with her attorney prior to signing this Agreement and, in fact, has consulted with the law firm of **Barrett & Farahany, LLP,** prior to signing this Agreement;

(c) She has been given adequate time to consider this Agreement;

4

Rawlings Initials

31984194.1

(d) If **Rawlings** ever attempts to revoke, rescind, void, or challenge this Agreement or any of its terms, she will as a condition precedent return to the **Company** an amount equivalent to any and all payments made by the **Company** under this Agreement;

(e) She has executed the Prior Agreement and has not revoked it;

(f) **Rawlings** is not otherwise entitled to the consideration described in Paragraph 8 unless she enters into and complies with this Agreement;

(g) She has been fully and properly paid by the **Company** for all hours worked in compliance with state and federal law and is not owed any salary, compensation, or benefits of any kind, including, but not limited to, overtime compensation, for any work she performed while employed by the **Company**, and she is not otherwise due any amounts from her employment with the Company, with the exception of any amounts that may be due under the terms of the Prior Agreement; and

(h) She has neither assigned nor encumbered nor attempted to assign or encumber any rights or claims released in this Agreement.

**10. Nondisparagement.** **Rawlings** agrees that she will not make any statements, either oral or written, or take any other actions that disparage or reflect negatively on the **Company** or any of the **Released Parties.** This Paragraph does not, however, prevent **Rawlings** from testifying truthfully under oath, as required by subpoena or court order, or making disclosures otherwise required by law.

**11. No Employment Relationship.** **Rawlings** also agrees to relinquish any and all rights to employment with the **Company** and to not seek to be rehired or employed with the **Company** or current or future parent or subsidiary company, either directly, through a temporary agency, or by any other method, at any time in the future. If **Rawlings** inadvertently solicits employment or is hired by the **Company** or any current or future parent or subsidiary entity of the **Company**, upon discovery or notice of same, **Rawlings** agrees to immediately rescind her application and/or voluntarily resign from such employment or assignment as appropriate. **Rawlings** further agrees that under the terms of this Paragraph, she has no claim in law or equity against the **Released Parties** in the event of rejection or termination of her employment or refusal of her assignment through a temporary service agency by the **Company** or any of its current or future parent or subsidiary companies.

**12. Entire Agreement/Severability.** This Agreement sets forth the entire agreement between **Rawlings** and the **Company**, and supersedes any other written or oral understandings provided, however, that the Parties remain bound to the terms of the Prior Agreement, the Alorica Employee Dispute Resolution Policy entered into by **Rawlings** in April 2014, and the terms of the Confidentiality Agreement that **Rawlings** entered into in 2012. **The Parties hereby acknowledge and reaffirm their obligations under the Prior Agreement.** The Parties agree that the settlement document relating to FLSA Claims executed by the Parties on or about November 20, 2015, is void and ineffective. **Rawlings** and the **Company** agree that if any phrase, clause or provision of this Agreement is declared to be illegal, invalid or unenforceable

5

Rawlings Initials

31984194.1

by a court of competent jurisdiction, such phrase, clause or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause or provision in this Agreement is deemed to be unreasonable, onerous or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release or covenant not to sue set forth in Paragraphs 2-4 and 7 is deemed to be illegal, invalid or unenforceable in whole or in part, **Rawlings'** obligations under this Agreement shall be nullified, and the **Company** will be entitled to return of the Settlement Payment.

**13. Modification and Waiver.** This Agreement may not be modified except by a written document signed by the Parties (or their legal representatives) and expressly stating that it is intended as an amendment. Any failure or forbearance to exercise any right or remedy with respect to this Agreement will not be construed as a waiver of that right or remedy.

**14. Agreement Concerning Attorneys' Fees and Costs. Rawlings** and the **Company** agree that each Party will bear its own attorneys' fees and costs incurred as a result of **Rawlings'** claims and the preparation of this Agreement, and that no Party owes the other fees or costs. If any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, the prevailing Party shall be entitled to reasonable attorneys' fees, costs, and necessary disbursements, in addition to any other relief to which the Party may be entitled.

**15. Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which shall together be one and the same agreement. **Rawlings** and the **Company** agree that signatures transmitted by facsimile or electronic mail will be deemed originals and that a facsimile, photocopy, or scanned image of this Agreement, including without limitation counterparts and any signature(s) or other marks thereon, shall be admissible in any judicial, administrative, or other proceeding related to this Agreement with the same weight and binding effect as an original.

**16. Notices.** All demands, notices or communications provided for in this Agreement shall be in writing and shall be either sent by facsimile with confirmation to the number specified below, personally delivered or sent by overnight delivery (delivery charges prepaid) as follows:

(a) If to **Rawlings**:

Shimisha C. Rawlings
c/o Barrett & Farahany, LLP
1100 Peachtree St., NE, Suite 500
Atlanta, GA 30309
Facsimile: (404) 214-0125

(b) If to the **Company**:

Alorica Inc.
5 Park Plaza, Suite 1100
Irvine, California 92614
Attention: General Counsel

With a Copy to:

Sutherland Asbill & Brennan, LLP
999 Peachtree Street, N.E., Suite 2300
Atlanta, Georgia 30309-3996
Attn: Allegra J. Lawrence-Hardy, Esq.
Fax: (404) 853-8806

6

Rawlings Initials

31984194.1

or to such other address or facsimile number as a Party may hereafter specify in writing (and delivered in accordance with this notice provision) for the purpose of notice in accordance with this Paragraph 16. Each such notice, request or other communication shall be effective (i) if by facsimile, when such facsimile is transmitted to the facsimile number specified in this Paragraph and the appropriate facsimile confirmation is received; (ii) if by overnight delivery service, with proof of delivery the next business day; or (iii) if delivered personally, when delivered at the address specified in this Paragraph.

**17.   Governing Law and Jurisdiction. Rawlings** and the **Company** agree that this Agreement shall be construed and enforced in accordance with the domestic laws of the State of Georgia. **Rawlings** and the **Company** further agree to submit any and all claims or controversies concerning this Agreement, including any claim for breach or to enforce its terms, to the United States District Court for the Northern District of Georgia, or if jurisdiction does not lie, then in a court of the State of Georgia seated within such District.

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES THE RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. SHIMISHA C. RAWLINGS: CONSULT WITH YOUR ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.**

By signing below, both Parties state that they have read this Agreement and they understand all of its terms. They enter into and sign this Agreement knowingly and voluntarily, with full knowledge of what it means.

_____
Shimisha C. Rawlings (signature)

_____
Shimisha C. Rawlings (printed name)

Date: 12/7/15

**ALORICA INC.**

_____
By: Christy O'Connor
    Chief Legal Officer

Date: 12/7/2015

Agreed as to Paragraph 8:

_____
V. Severin Roberts
BARRETT & FARAHANY, LLP
*Attorney for Shimisha C. Rawlings*

31984194.1